UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOY SMITH,

                Plaintiff,

v.                                      Case No. 17-2127-JAR

NICHOLAS R. EARY,

                Defendant.

## **AMENDED SCHEDULING ORDER**

Defendant has filed a motion (ECF No. 34) to amend the scheduling order (ECF No. 20). For good cause shown, the motion is granted.

This is a personal-injury action arising from a motor-vehicle accident. On or about July 14, 2017, plaintiff underwent spine surgery allegedly resulting from the accident. Claiming the results of plaintiff's surgery will not be fully known until approximately five to six months post-surgery, defendant seeks extensions of the deadlines for the parties to complete physical and mental examinations, and for defendant to serve his expert disclosures.[1] Defendant argues plaintiff's post-surgery condition is relevant to plaintiff's claim for lost future wages, lost future household services, and future medical expenses. Plaintiff opposes the motion, arguing defendant has known the surgery was necessary since before the suit was filed, and that plaintiff is capable of

---

[1] To the extent remaining deadlines will be impacted by these extensions, defendant seeks an order extending all remaining deadlines and continuing the trial setting.

undergoing an IME in time for defendant to meet present deadlines. Plaintiff also claims she will be prejudiced by any delay, citing financial hardship resulting from the accident.

Motions to modify scheduling orders are governed by Fed. R. Civ. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." This good-cause standard does not focus on the "bad faith" of the movant, nor the "lack of prejudice" to the opposing party.[2] "Rather, it focuses on the diligence of the party seeking to modify the scheduling order."[3] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[4]

Given the nature of plaintiff's claims and damages, and the relatively limited extension sought, the court finds good cause to modify the scheduling order. Accordingly, with the consent of the presiding U.S. District Judge, Julie A. Robinson, the scheduling order is amended as follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Mediation completed | January 30, 2018 |
| Supplementation of initial disclosures | 40 days before the deadline for completion of all discovery |
| All discovery completed | February 20, 2018 |

---

[2] *Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244, 2010 WL 3861278, at *2 (D. Kan. Sept. 20, 2010).

[3] *Id.* (quoting *Grieg v. Botros*, No. 08-1181, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010)).

[4] *Paris v. Sw. Bell Tel. Co.*, 94 App'x 810, 816 (10th Cir. 2004).

| | |
|---|---|
| Experts disclosed by defendant | January 30, 2018 |
| Rebuttal experts disclosed | February 9, 2018 |
| Physical and mental examinations | January 19, 2018 |
| Motions challenging admissibility of expert testimony | 45 days before trial |
| Proposed pretrial order due | February 27, 2018 |
| Pretrial conference | March 6, 2018, at 11:00 a.m. |
| Trial | June 12, 2018, at 9:00 a.m. |

All other provisions of the original scheduling order shall remain in effect. The schedule adopted in this amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated September 1, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge